SAMUEL, Judge.
The decedent herein, Miss Ernestine M. Reinecke, died in the City of New Orleans on September 26, 1969. Her statutory will left all of her property “share and share alike” to her two sisters, Mrs. Jeannet Scarpero and Mrs. Meta Fortado, and her brother, Edmund Reinecke, appointed her brother executor and named attorneys for the executor. The will had not been probated when the brother died in April, 1971. No petition for notice of application for appointment as dative testamentary executor (under the provisions of LSA-C.C.P. Art. 3091) was ever filed by anyone.[1]
*866 On October 15, 1971 Mrs. Meta Fortado filed a petition for probate of the will and for appointment as dative testamentary executrix. The detailed descriptive list filed with the petition shows the only asset of the succession is one piece of immovable property in the City of New Orleans bearing Municipal Nos. 2501-2503 St. Claude Avenue, which property is valued at $20,000. On the same date of October 15, 1971 the court entered an order confirming Mrs. Fortado as dative testamentary executrix and directing that letters testamentary be issued to her upon her complying with the requisites of law.
On November 10, 1971, before Mrs. For-tado had taken her oath of office and before she had filed a bond, Mrs. Carole Rein-ecke, wife of Angelo Gamino, Jr. and daughter of the late Edmund Reinecke, decedent’s brother, filed pleadings styled an “Opposition To The Appointment” and obtained a rule directing Mrs. Fortado to show cause “why her application for appointment as dative Testamentary Executrix of this Succession should not be dismissed and why Mrs. Carole Reinecke, wife of Angelo Gamino, Jr. should not be appointed and Letters Testamentary issue to her upon her complying with the requisites of law.” The opposition is based upon Mrs. Gamino’s allegedly superior qualifications and the alleged possibility that Mrs. Fortado may be a debtor of the succession because, subsequent to her sister’s death, she occupied immovable property belonging to the succession for which occupancy she may not have paid rent.
Following trial of the rule there was judgment in favor of Mrs. Fortado denying and dismissing Mrs. Gamino’s application and ordering that Mrs. Fortado furnish security for the faithful performance of her duties as dative testamentary executrix in the amount of $25,000. Mrs. Gami-no has prosecuted this appeal from that judgment.
In this court appellant contends the trial court erred in appointing a less qualified person than herself. Testimony given by Mrs. Gamino and Mrs. Fortado relative to their qualifications reveals:
Mrs. Gamino is 28 years of age. She has worked in a bank for six years, four of which were spent in the bookkeeping department and two of which were “in the main lobby by the tellers”. She keeps her own personal bank account and for one year was treasurer of a dog club, handling their books. Mrs. Fortado is 69 years of age. Quite some time ago she worked in a hosiery mill and later worked as a telephone operator. Although she does not have a checking account, preferring to pay cash, she keeps records and pays bills.
The record further reveals the three legatees lived in the succession property, a triplex apartment, prior to and after the decedent’s death and that Mrs. Gamino was not on good terms with the decedent or the legatees and had not visited their home for years prior to decedent’s death, whereas Mrs. Fortado cared for both the decedent and her brother Edmund during their last illnesses. The record contains no evidence relative to any possible indebtedness due by Mrs. Fortado to the estate and it is possible appellant’s father is just as likely to be indebted to the successsion for rent.
In our opinion this matter falls squarely under the provisions of LSA-C.C.P. Art. 3181. Chapter 3 of the Code, the chapter in which Article 3181 appears is entitled “Revocation Of Appointment, And Removal Of Succession Representative”. In pertinent part, that Article and Comment (1) thereunder read:
‘Tf a person appointed or confirmed as succession representative fails to qualify for the office within ten days after his appointment or confirmation, on its own motion or on motion of any interested person, the court may revoke the appointment or confirmation, and appoint another qualified person to the office forthwith.” LSA-C.C.P. Art. 3181. [Emphasis ours.]
“(1) it [this article] gives the judge discretion to remove the succession rep *867 resentative, rather than have him removed solely by reason of his failure to furnish the required security and take his oath;” LSA-C.C.P. Art. 3181 Comments.
Thus, the basic question presented to the trial court was not a matter of appointment of a dative testamentary executor; no priority of appointment (LSA-C.C.P. Art. 3098) was involved and the court was not called upon to determine which of the two litigants was better qualified. As Mrs. Fortado had failed to qualify within the ten day period, i. e., failed to furnish the required security and take her oath, the question presented was whether the trial court, in its sound discretion, would revoke the appointment already made. With the assistance of the attorneys named in the will Mrs. Fortado appears to be sufficiently qualified to act as executrix of this relatively very simple succession. Accordingly, we find no abuse of discretion in the trial court’s refusal to revoke.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The Code of Procedure articles relative to administrators are applicable to the appointment of dative testamentary executors. In pertinent part LSA-C.C.P. Art. 3083 provides: “. . . or if the one [executor] named is dead . . . the court shall appoint a dative testamentary executor, in the manner provided for the appointment of an administrator of an intestate succession.”